UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PRECISE SOLUTIONS LLC
d/b/a EUROTECH ELITE,

    Plaintiff,                                      Case No. 3:21-cv-142

vs.

DYNAMIC MACHINE WORKS LLC,        District Judge Michael J. Newman
                                                           Magistrate Judge Peter B. Silvain, Jr.

    Defendants.

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AS TO LIABILITY (DOC. NO. 15); AND (2) REQUESTING PLAINTIFF SUBMIT ADDITIONAL BRIEFING IN SUPPORT OF A RENEWED MOTION FOR A DEFAULT JUDGMENT AS TO APPROPRIATE RELIEF ON OR BEFORE OCTOBER 15, 2021**

---

This case is before the Court on Plaintiff Precise Solutions LLC d/b/a Eurotech Elite's ("Eurotech's") motion for a default judgment against Defendant Dynamic Machine Works LLC ("Dynamic"). Doc. No. 15. Dynamic had 21 days to oppose this motion but failed to do so. Eurotech's motion is now ripe for review. For the following reasons, the Court **GRANTS** Eurotech's motion as to liability but defers issuance of a judgment pending further briefing by Eurotech on the issues identified in this Order.

**I.**

Despite being served with process on June 11, 2021, neither Dynamic nor Defendant Nathan Hake have appeared in this matter, and the Clerk has noticed their default. Doc. Nos. 10, 11, 14. As a result, the Court construes Eurotech's alleged facts as true for purposes of this motion. *See, e.g.*, *Lucas v. Monitronics Int'l, Inc.*, No. 1:17-cv-374, 2020 WL 6440255, at *1 (S.D. Ohio Nov. 3, 2020).

Eurotech agreed to sell Dynamic a Rapide B438SY2 38mm Universal Mill/Turn Center machine (the "machine") for $426,387 plus $9,284.78 in accessories. Doc. No. 1-3 at PageID 20. The parties signed a security agreement granting Eurotech a security interest in the machine. Doc. No. 1-1 at PageID 13–14. The agreement specified that, in the event of default, Eurotech would be entitled to all available remedies of a secured party under the Florida Uniform Commercial Code. *Id.*

Eurotech upheld its end of the bargain by delivering the machine to Dynamic. Doc. No. 1 at PageID 2. But Dynamic failed to pay the purchase price and never returned the machine. *Id.* Eurotech promptly sued Dynamic for breach of contract and fraud. *Id.*

## II.

Rule 55(b)(2) permits a court, in its discretion, to enter a default judgment following the entry of default by the Clerk. The Sixth Circuit has held that a court should take into account the following factors when considering whether to enter a default judgment: "(1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). The Court must also ensure it has jurisdiction over the defaulted defendants. *See, e.g.*, *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010).

A party in default is considered to have admitted all the material allegations in the complaint. Fed. R. Civ. P. 8(b)(6). The material allegations in Eurotech's complaint, when accepted as true, state a plausible claim for breach of contract. Doc. No. 1 at PageID 6–7. There is no indication that Dynamic's failure to answer is due to excusable neglect. The Court also has

jurisdiction to hear this matter.[1] As a result, Eurotech is entitled to default judgment as to Dynamic's liability for breach of contract.

### III.

Eurotech's proposed remedies, however, give the Court pause. Eurotech requests that the Court enter a judgment that: (1) awards Eurotech $456,241.58 in damages (consisting of the price of the contract plus costs incurred in removing the machine); (2) requires Dynamic to return the machine to Eurotech, or, alternatively, authorizes the Montgomery County Sherriff or the United States Marshal to seize the machine; and (3) awards attorney's fees and costs. Doc. No. 15-1.

The Court has reviewed Eurotech's motion, memorandum in support, and its attachments, but is not satisfied its proposed remedies are proportional in relation to Dynamic's conduct. Awarding Eurotech both expectation damages, including the full purchase price due under the contract and the cost of removing the machine from Dynamic's facility, as well as repossession of the machine, which could then be resold, appears to result in a windfall to Eurotech. *See, e.g.*, Fla. Stat. Ann. § 672.609; Restatement (Second) of Contracts § 344. Accordingly, the Court requests Eurotech submit a memorandum of law in support of a renewed motion for default judgment as to appropriate relief, on or before **October 15, 2021**, that either: (1) identifies the legal basis -- whether under Florida or Ohio law -- for its claimed entitlement to the full purchase price under the contract plus repossession of the machine and attendant costs; or (2) clarifies its preferred remedy that would put it in the same position had Dynamic performed its obligations under the contract.

---

[1] Eurotech consists of three members, all of whom reside in Florida. Doc. No. 1 at PageID 3. Dynamic's sole member, Hake, is an Ohio resident. *Id.* Therefore, this Court has personal jurisdiction over Defendants and subject matter jurisdiction to hear the matter under 28 U.S.C. § 1332.

## IV.

For the reasons given, the Court (1) **GRANTS** Eurotech's motion as to liability (Doc. No. 15); and (2) **REQUESTS** Eurotech submit additional briefing in support of a renewed motion for default judgment as to appropriate relief on or before **October 15, 2021**.

**IT IS SO ORDERED.**

Date:   September 30, 2021                           s/Michael J. Newman
                                                              Hon. Michael J. Newman
                                                              United States District Judge